# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DeWARREN RICHARDSON, SR., #177-8152,
  #445-104,                                      *

    Plaintiff                                                 *

v                                                           *       Civil Action No. JKB-19-2431

BALTIMORE COUNTY DEPARTMENT OF  *
  SOCIAL SERVICES,
MEGON FRIIA,                            *
BEN LEVY,
                                               *

    Defendants
                                          ***

## MEMORANDUM

Plaintiff DeWarren Richardson, Sr., who is incarcerated at the Maryland Correctional Training Center in Hagerstown ("MCTC"), filed this lawsuit, together with a Motion to Proceed in Forma Pauperis. The complaint was signed on August 19, 2019 and received for filing on September 4, 2019. While the Motion shall be granted, the complaint must be dismissed for lack of jurisdiction.

The lawsuit is filed against the Baltimore County Department of Social Services ("BCDSS") and two individuals who, while not specifically identified, appear to be BCDSS employees. ECF 1. Richardson claims that his son's biological mother abandoned the child in August 2016. This led to an August 22, 2016 determination that the child would be committed to the State and placed in a foster home, with visitation rights granted to Richardson's parents (the child's paternal grandparents).

Richardson complains that BCDSS did not allow his family to initially intervene prior to awarding custody to the State. He claims that although BCDSS employees later asked his parents to apply to gain custody and undergo classes and inspections, the determination was made that the

child should remain with his foster family, with whom he had bonded. ECF 1, pp. 5-7. Richardson asks for custody of his child and $1.5 million in damages.

Richardson filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful of its obligation to liberally construe self-represented pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and in evaluating the complaint assumes the factual allegations to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). In making this determination, "[t]he district court need not look beyond the complaint's allegations" and "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

In liberally construing a complaint, a federal district court "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To the extent that Richardson is challenging the validity of a state court order regarding paternity and child support, he may not bring such a challenge here, because there is an exception to federal court jurisdiction that excludes matters regarding child custody, paternity, or divorce. *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir.

1980) (noting federal courts "generally abstain from child custody matters"); *Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (Michael, J. concurring) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest).

Nor does Richardson's claim invoke this Court's oversight under diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, the parties all appear to be in Maryland. Even if the parties were diverse, pursuant to *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982), diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights.

Accordingly, the Complaint shall be dismissed without prejudice, by separate Order to follow.

DATED this 26 day of September 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge

3